USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/12/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LILLIAN YU,

                     Plaintiff,

           -v-

NEW YORK STATE UNIFIED COURT SYSTEM
OFFICE OF COURT ADMINISTRATION ET AL.,

                     Defendants.

-------------------------------------------------------------------X

11 Civ. 3226 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

    Plaintiff Lillian Yu, a woman of Asian descent, brings this action against her current employer, the New York State Unified Court System Office of Court Administration ("OCA"), and her supervisor Marcello Ritondo (collectively, "Defendants"), alleging discrimination on the basis of gender, failure to promote, a hostile work environment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Title 42, United States Code, Section 1983; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101 *et seq.* Yu also brings a claim for abuse of authority under Section 1983 and a claim for violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206. Defendants now move for summary judgment on all of Plaintiff's claims. For the reasons stated below, Defendants' motion is granted, and Plaintiff's Complaint is dismissed.

## FACTS

    The following facts, taken from the Complaint and the admissible materials submitted by the parties, are viewed in the light most favorable to Plaintiff, as she is the non-moving party.

OCA is a New York State agency that provides administrative services for the New York State court system. (Tomari Aff. Ex. B (Docket No. 24) ¶ 4). Yu has been employed by OCA on a full-time basis since 1999. (Defs.' 56.1 Statement (Docket No. 28) ¶¶ 1, 5; Compl. (Docket No. 1) ¶ 3). Ritondo is an OCA employee and one of two Principal Local Area Network ("LAN") Administrators of the Civil Court Information Technology Unit. (Tomari Aff. Ex. B ¶ 5 & Ex. C ¶ 5). Ritondo supervises Yu and contributes to her performance evaluations, but he does not have the authority to hire, fire, or promote any OCA employee. (Ritondo Decl. (Docket No. 25) ¶ 2).

In the spring of 2000, the Civil Court of the City of New York posted a job opening for a Senior LAN Administrator, at a pay grade of 23. (*Id.* ¶ 3). At the time, Yu was working as a LAN Administrator for the Richmond County Surrogate's Court at a pay grade of 21. (*Id.*). She applied for the new position and was interviewed by a panel that included Ritondo, who recommended that she be considered for the position. (*Id.* ¶¶ 3-4). Yu was later hired for the position — which constituted a promotion in civil service rank — and began working as a Senior LAN Administrator in July 2000. (*Id.* ¶ 4). As of March 2013, she still held this position and was paid in accordance with her civil service rank of 23. (*Id.* ¶ 5).

In 2005, Ritondo and his supervisor, Ernesto Belzaguy, requested the "reclassification" of several positions within the Technology Unit to higher pay grades because they believed that certain employees were not adequately compensated for their work. (*Id.* ¶ 6). Ritondo and Belzaguy assisted several employees in applying for reclassifications. (*Id.* ¶ 7). As a result, six applicants were reclassified effective January 2006; several others, including three male employees, were denied reclassifications. (*Id.* ¶¶ 9-11). Yu was never told about the reclassification process and was not offered any assistance in completing the necessary

paperwork.  (Pl.'s 56.1 Counterstatement (Docket No. 36) ¶ 14 (citing Yu Decl. Ex. D)).

Nevertheless, she was aware of the reclassifications at the time.  (Compl. ¶ 16; Ritondo Decl.

¶ 11).

In November 2008, Plaintiff independently requested the reclassification of her position

from a pay grade of 23 to a pay grade of 25.  (Compl. ¶ 26; McCarthy Decl. (Docket No. 26)

¶ 2).  In early 2009, however, Deputy Chief Judge Fern Fisher and former New York City Chief

Clerk Jack Baer recommended that her request be denied (McCarthy Decl. ¶ 2), as did the Chief

of Staff for the Deputy Chief Administrative Judge's Office (id. ¶¶ 2-3).  On July 13, 2009, OCA

formally denied Yu's request for reclassification; Yu was informed of this decision on July 30,

2009.  (Compl. ¶ 27; McCarthy Decl. ¶ 3).

On September 4, 2009, Yu filed a complaint with the Equal Employment Opportunity

Commission ("EEOC"), alleging that she was discriminated against and not promoted based on

her race and gender.  (Compl. ¶ 28; Tomari Aff. Ex. E ("EEOC Compl.")).  She also alleged that

she received "biased, faulty and negative performance evaluations" and was subject to a hostile

work environment and "continuous harass[ment]," in retaliation for her complaints about the

discrimination.  (EEOC Compl. 4-6).  Yu received a right to sue letter dated February 9, 2011,

and commenced this action on May 12, 2011.  (Compl. Ex. A).  In her Complaint, Yu asserts

eighteen causes of action, alleging that Defendants discriminated against her on the basis of her

"minority status as an Asian female," created a hostile work environment, failed to promote her,

and retaliated against her, all in violation of Title VII, Section 1983, the NYSHRL, and the

NYCHRL.  She also alleges violations of the EPA, as well as a claim for abuse of authority

under Section 1983.  Defendants have moved for summary judgment on all of Yu's claims.

## DISCUSSION

### A.  Standard of Review

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013).  A dispute about a material fact is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y.S. Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

To defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted).  Affidavits submitted in support of or in opposition to summary judgment must be based on personal knowledge, "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  Where the non-moving party fails to "come forth with evidence

sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim," summary judgment is appropriate.  *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (internal quotation marks omitted).

## B.  Eleventh Amendment Immunity

As an initial matter, Yu's claims under the NYSHRL and the NYCHRL against OCA and Ritondo in his official capacity must be dismissed for lack of subject-matter jurisdiction.  Under the Eleventh Amendment, a state is immune from suit in federal court.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-56 (1996).  This sovereign immunity extends to "arms of the state," including agencies such as OCA, and to its officials sued in their official capacities for money damages.  *See, e.g.*, *Morgan v. N.Y.S. Atty. Gen. Office*, No. 11 Civ. 9389 (PKC), 2013 WL 491525, at *11 (S.D.N.Y. Feb. 8, 2013) (internal quotation marks omitted); *see also Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court System is unquestionably an arm of the State . . . entitled to Eleventh Amendment sovereign immunity." (internal quotation marks and citation omitted)); *Levi v. New York*, No. 10 Civ. 3980 (JG) (RLM), 2010 WL 5559520, at *3 (E.D.N.Y. Dec. 22, 2010) (explaining that OCA is "not a distinct entity amenable to suit, but is an integral part of the state" (internal quotation marks and alterations omitted)).  As Congress has not abrogated states' sovereign immunity with respect to claims brought under Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 340-42 (1979), and New York has not waived its immunity, *see, e.g.*, *Byrne v. Ceresia*, No. 09 Civ. 6552 (WHP), 2011 WL 5869594, at *5 (S.D.N.Y. Nov. 22, 2011), *aff'd* 503 F. App'x 68 (2d Cir. 2012); *Trivedi v. N.Y.S. Unified Court Sys.*, 818 F. Supp. 2d 712, 722 (S.D.N.Y. 2011), Yu's claims under Section 1983, the NYSHRL, and the NYCHRL against OCA and against Ritondo in his official capacity must be dismissed.

5

## C.  Timeliness of Claims

Next, many of Yu's claims must be dismissed as time barred.  For a Title VII action to be timely, a plaintiff must file a complaint with the EEOC or equivalent state agency within 300 days of the allegedly unlawful employment practice.  *See Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5).  Discrimination claims under the NYSHRL, the NYCHRL, and Section 1983, on the other hand, are subject to a three-year statute of limitations.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007).  In this case, Yu filed her EEOC complaint on September 4, 2009, and the Complaint in this action on May 12, 2011.  Accordingly, Yu's Title VII claims relating to incidents that took place before November 7, 2008, and her NYSHRL, NYCHRL, and Section 1983 claims relating to incidents that took place before May 12, 2008 — including, for example, all claims arising out of the 2006 reclassification process — are time barred.

As Yu contends, however, her claims relating to her application for reclassification in November 2008 are timely.  (Pl.'s Mem. in Opp'n (Docket No. 35) 5).  Similarly, her hostile work environment claims are not time barred, as she alleges at least one act contributing to the claim — namely, the relocation of her office in 2011 — within the filing period.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").  Finally, Plaintiff's claims under the EPA are timely as, under the Lilly Ledbetter Fair Pay Act of 2009 (the "Ledbetter Act"), 42 U.S.C. § 2000e-5(e)(3)(A), an unlawful employment practice claim accrues with each paycheck issued pursuant to a "discriminatory compensation decision or other practice."

**D.  The Equal Pay Act Claim**

Turning to the merits, Yu's first claim — under the EPA (Compl. Count I) — fails as a matter of law.[1]  The EPA prohibits employers from discriminating among employees on the basis of sex by paying different wages for equal work performed under similar working conditions.  *See* 29 U.S.C. § 206(d)(1).  To prevail on her claim under the EPA, Plaintiff must establish a *prima facie* case by showing that (1) OCA pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions.  *See Butler v. N.Y. Health & Racquet Club*, 768 F. Supp. 2d 516, 528-29 (S.D.N.Y. 2011) (citing *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001)).  Here, Yu has failed to provide any evidence that OCA paid different wages to males and females performing work of equal skill, effort, and responsibility under similar working conditions.  Moreover, even if Yu had established a *prima facie* case, she has done nothing to counter OCA's evidence that any disparity in compensation between Yu and her colleagues was the result of their respective civil service rankings, responsibilities, and overall workload.  (Ritondo Decl. ¶¶ 6, 13-15).  *See, e.g.*, *Flaherty v. Massapequa Public Sch.*, 752 F. Supp. 2d 286, 299 (E.D.N.Y. 2010) (noting that, if an employer establishes that an alleged wage disparity is justified by a legitimate, non-discriminatory reason, the plaintiff must "counter the employer's affirmative defense by producing evidence that the reasons the defendant seeks to advance are actually a pretext for sex discrimination").  In fact, Yu herself conceded that her salary and the salaries of her colleagues

---

[1]      Although Yu invokes the Ledbetter Act in her first cause of action, that Act relates only to the timeliness of an equal pay claim and does not provide a separate cause of action.  *See* 42 U.S.C. § 2000e-5(e); *Boyar v. City of N.Y.*, No. 10 Civ. 65 (HB), 2010 WL 4345737, at *5 (S.D.N.Y. Oct. 28, 2010).

were based in large part on civil service rank and seniority.  (Tomari Aff. Ex. D ("Yu Depo.") 62-64).  Because no reasonable fact finder could find for Plaintiff on her EPA claim, this claim is dismissed.

**E.  Title VII Claims**

Yu also brings Title VII claims against OCA and against Ritondo, alleging gender discrimination, failure to promote, hostile work environment, and retaliation.  Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  There is no individual liability under Title VII, however.  *See Spiegel v Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010).  Further, a plaintiff may not bring a Title VII claim against an individual in his or her official capacity if the claim is duplicative of the claim against the public employer, as it is here.  *See Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 410-11 (E.D.N.Y. 2010).  Accordingly, Yu's Title VII claims against Ritondo must be and are dismissed.

Yu's Title VII claims against OCA are analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).  Under that framework,

> the plaintiff bears the initial burden of establishing a prima facie case of discrimination.  If the plaintiff does so, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action.  Once such a reason is provided, the plaintiff can no longer rely on the prima facie case, but may still prevail if she can show that the employer's determination was in fact the result of discrimination.

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (internal citations and quotation marks omitted).  Applying that framework here, Yu's claims fail as a matter of law.

### 1.  Gender Discrimination and Failure to Promote

First, Yu brings claims of gender discrimination and discriminatory failure to promote. To state a *prima facie* case of discrimination under Title VII, a plaintiff must show that (1) she is within a protected class, (2) she was qualified for the position in question, (3) she was subject to an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See, e.g.*, *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009); *see also Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009) (explaining that to establish a *prima facie* case of a discriminatory failure to promote, "there must be proof that the plaintiff 'was rejected under circumstances which give rise to an inference of unlawful discrimination'" (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998)).  While the burden of establishing a *prima facie* case is not an onerous one, Plaintiff cannot meet even this low bar, as there is no evidence whatsoever in the record that would permit a rational juror to conclude that Ritondo — or any OCA employee for that matter — treated Yu differently than her colleagues because of her gender or race.

During her deposition, Plaintiff admitted she could not state with any specificity any instances in which she was discriminated against: No one at OCA made any references to her race or ethnicity and, one comment in 2001 (outside the actionable time period) aside,[2] no one made any disparaging comments about her gender.  (Yu Depo. 57-58).  When asked if Defendants discriminated against her because she is Asian, Plaintiff responded: "I felt it, but I

---

[2]     Yu testified that when she first began working for Ritondo in 2001, he informed her that certain users in the court preferred male LAN Administrators.  (Yu Depo. 51).  This allegation was not mentioned in Yu's Complaint.

cannot really tell enough." (*Id.* at 58-59). Plaintiff's claims, in other words, are based wholly on

her personal opinion and "feeling" that she was not treated with respect due to her race and

gender, which created a "general atmosphere" of discrimination. (*Id.*). Vague and conclusory

allegations of this sort are patently insufficient to withstand a motion for summary judgment.

*See, e.g.*, *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) ("Even in the discrimination

context . . . a plaintiff must provide more than conclusory allegations to resist a motion for

summary judgment."). Moreover, Defendants have presented evidence of a legitimate,

nondiscriminatory reason for OCA's denial of Yu's request for a pay grade reclassification:

Namely, that all other applicants who received reclassifications were acting as supervisors, either

actually or "in effect." (Ritondo Decl. ¶ 13). Plaintiff has adduced no evidence even suggesting

that this explanation is a pretext. Indeed, the person who received the highest reclassification in

2006 was Mimi Khaine-Wong, an Asian-American woman reclassified to the position of

Associate LAN Administrator at a pay grade of 25. (Ritondo Aff. ¶ 10).

### 2.  Retaliation

Next, Plaintiff alleges that Defendants retaliated against her for complaining about

discrimination at OCA. To establish a *prima facie* case of retaliation under Title VII, an

employee must show that: (1) she was engaged in a protected activity; (2) the defendant was

aware of the protected activity; (3) she suffered a materially adverse action; and (4) there is a

causal connection between the protected activity and the materially adverse action. *See, e.g.*,

*Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). A material adverse employment

action is one that would deter a reasonable employee from making or supporting a claim of

discrimination. *See, e.g.*, *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Here, Yu's retaliation claim cannot survive Defendants' motion for summary judgment, as there

is no evidence that she suffered a materially adverse action and no evidence of any causal connection between protected activity and the allegedly materially adverse action.

Plaintiff has taken four actions that could qualify as protected activities.  First, on May 30, 2006, she sent a letter of complaint to the Chief City Clerk regarding her failure to receive a promotion.  (Yu Decl. ¶ 2 & Ex. D at 3 (¶ 5)).  Second, in 2008, Yu complained to her union and OCA's Inspector General for Bias Matters.  (Yu Decl. ¶ 4 & Ex. D at 4 (¶ B(1))).[3] Third, on September 4, 2009, she filed an EEOC complaint.  And fourth, she filed the instant action on May 12, 2011.  Plaintiff alleges that there was a "causal connection between voicing her opposition to gender discrimination and the Defendants' repeated, escalating pattern of selective scrutiny and adverse employment actions," including:  (1) negative performance reviews; (2) false accusations and criticism about her work ethic; and (3) office relocations to less desirable locations.  (Pl.'s Mem. in Opp'n 9).  The evidence before the Court, however, belies her conclusory assertion that she was subjected to adverse employment actions as a result of her protected activity.

First, all of Plaintiff's job performance evaluations have been satisfactory; the comments attached to the evaluations stating that Yu is "sometimes overly defensive or combative" would not, by themselves, dissuade a reasonable person from reporting an instance of discrimination. (*See* Yu Decl. Ex. B).  Similarly, criticisms about Yu's work ethic and accusations regarding her interactions with her colleagues are exactly the kind of "trivial harms" that are not likely to deter a reasonable employee from voicing a complaint.  *See Rivera v. Rochester Genesee Reg'l*

---

[3]      In her Rule 56.1 Counterstatement, Plaintiff also alleges that she "made verbal complaints to Defendant Ritondo about her failure to be promoted and her rate of pay being less than her counterparts with similar experience and skills." (Pl.'s 56.1 Counterstatement ¶ 35).  As Plaintiff does not cite to any admissible evidence in support of this contention, the Court does not credit these statements.  *See, e.g.*, *Rockland Vending Corp. v. Creen*, No. 07 Civ. 6268 (KMK), 2009 WL 2407658, at *14 n.14, *16 (S.D.N.Y. Aug. 4, 2009).

*Transp. Auth.*, 702 F.3d 685, 698 (2d Cir. 2012) ("Actions that are 'trivial harms' — i.e., 'those

petty slights or minor annoyances that often take place at work and that all employees

experience' — are not materially adverse." (quoting *Tepperwien v. Entergy Nuclear Operations,*

*Inc.*, 663 F.3d 556, 568 (2d Cir. 2011)).  As for the office relocations, Yu acknowledged that she

requested office relocations "all the time" and that her supervisors granted her requests for

relocation on numerous occasions, including even after she engaged in the allegedly protected

activities.  (Yu Depo. 78; *see also* Giddens Decl. (Docket No. 27) ¶¶ 2-8 (explaining that Yu

agreed to move offices in October 2011, subsequently complained about the air quality in her

new office, and requested another relocation, which was granted on August 27, 2012)).  Based

on the record before the Court, no rationale juror could conclude that Defendants retaliated

against Plaintiff in violation of Title VII and, accordingly, this claim is dismissed.

### 3.  Hostile Work Environment

Plaintiff's final Title VII claim is that she was subject to a hostile work environment.  In

order to establish a hostile work environment in violation of Title VII, a plaintiff must

demonstrate that the "workplace is so severely permeated with discriminatory intimidation,

ridicule, and insult that the terms and conditions of her employment were thereby altered."

*Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d Cir. 2013) (internal quotation marks

omitted).  The plaintiff must also show "either that a single incident was extraordinarily severe,

or that a series of incidents were sufficiently continuous and concerted to have altered the

conditions of her working environment." *Id.* (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560,

570 (2d Cir. 2000)).  In determining whether a plaintiff has made a threshold showing, "relevant

factors include 'the frequency of the discriminatory conduct; its severity; whether it is physically

threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes

with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).  Further, the plaintiff "must also subjectively perceive the environment to be abusive," and "must demonstrate that the conduct occurred because of her sex."  *Id.*

Applying these standards here, Yu's Title VII hostile work environment claim fails because no reasonable juror could conclude that Yu was subject to "severe or pervasive" discriminatory treatment based on her race, ethnicity, or gender.  Put simply, the allegedly hostile conduct — relating to Yu's requests for office relocations (*see* Yu Depo. 66-67, 70-82), and criticism by her coworkers (*id.* at 65-66 ("I was constantly like called into the meetings and criticized about my job . . . .")) — amounts to no more than petty slights and trivial inconveniences, which are not actionable under Title VII.  *See, e.g.*, *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 76 (2d Cir. 2010).  Accordingly, this claim is also dismissed.

## F.  Section 1983 Claims

Plaintiff's remaining federal claims, brought pursuant to Section 1983 against Ritondo in his individual capacity, must also be dismissed.  First, to the extent that these claims seek relief for gender discrimination, a failure to promote, retaliation, or hostile work environment, they are without merit for the reasons stated above with respect to her Title VII claims.  *See Testagrose v. N.Y.C. Housing Auth.*, 369 Fed. App'x 231, 231 (2d Cir. 2010) (explaining that discrimination claims under Section 1983 are "evaluated under the same rubric as gender discrimination claims" under Title VII (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004)).  Second, to the extent that Yu brings a First Amendment retaliation claim, she has failed to proffer sufficient evidence of an adverse employment action or a causal connection between her complaints and those actions.  *See Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251 (2d Cir. 2006) ("To survive a motion for summary judgment on a First

Amendment retaliation claim, the plaintiff must present evidence which shows (1) that the speech at issue was protected, (2) that he suffered an adverse employment action, and (3) that there was a causal connection between the protected speech and the adverse employment action.").  Finally, to the extent that Yu brings a substantive due process claim premised on an "abuse of . . . authority," she has failed to allege, let alone show, that Ritondo abused "some power unique to [his] role as a governmental [official]." *Thomas v. N.Y.C. Dep't of Educ.*, ⸺ F. Supp. 2d ⸺ , 2013 WL 1346258, at *16 (E.D.N.Y. Mar. 29, 2013) (internal quotation marks omitted).  Further, Yu has failed to show any actions by Ritondo that "shock the conscience or interfere with rights implicit in the concept of ordered liberty," as would be required for her to prevail on a substantive due process claim.  *Id.* at *17 (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

## G.  NYSHRL and NYCHRL Claims

As the Court has dismissed all of Plaintiff's federal claims, and her non-federal claims against OCA and Ritondo in his official capacity, all that remains are her NYSHRL and NYCHRL claims against Ritondo in his individual capacity.  Plaintiff's NYSHRL claims fail for the same reasons that her Title VII claims fail, as these claims are "analytically identical" and are governed by "the same standard of proof."  *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 2008); *see also Zagaja v. Vill. of Freeport*, No. 10 Civ. 3660 (JFB) (WDW), 2012 WL 5989657, at *15 n.6 (E.D.N.Y. Nov. 20, 2012) (explaining that NYSHRL claims "are analyzed using the same framework as claims brought under Title VII").  Defendants have not asked the Court to dismiss the remaining NYCHRL claims on the merits, but instead ask the Court to decline to exercise supplemental jurisdiction over them.  In light of Defendants' request, and the fact that the NYCHRL involves different standards, *see Mihalik v. Credit Agricole*

14

*Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (explaining that "even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards"), the Court declines to exercise supplemental jurisdiction over the pendent NYCHRL claims and dismisses them. *See, e.g.*, *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006); *see also, e.g.*, *Vuona v. Merrill Lynch & Co., Inc.*, No. 10 Civ. 6529 (PAE), 2013 WL 271745, at *28 (S.D.N.Y. Jan. 24, 2013) (granting summary judgment on federal employment discrimination claims and declining to exercise supplemental jurisdiction over NYCHRL claims in part because the NYCHRL requires application of a standard "with which the [New York] state courts are more familiar").

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (Docket No. 23) is GRANTED and Plaintiff's Complaint is dismissed in its entirety.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: July 12, 2013
     New York, New York

                                       JESSE M. FURMAN
                             United States District Judge